# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALVIN L. HEWETT, ZIRAILI M. ELBEY, *et al.*, | ) ) ) |
| Plaintiffs, *pro se*, | ) ) ) |
| v. | ) ) |
| SHAPIRO & INGLE LLP, WELLS FARGO, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**ORDER,
MEMORANDUM OPINION
AND RECOMMENDATION**

1:11CV278

This matter is before the court on separate motions to dismiss by Defendant Wells Fargo Bank and Defendant Shapiro & Ingle ("S&I") (docket nos. 18, 20). *Pro se* Plaintiff Alvin Hewett has responded to the motions, and the matter is ripe for disposition.[1] Also before the court is a motion for entry of default judgment by Plaintiffs (docket no. 27). The parties have not consented to the jurisdiction of a magistrate judge; therefore, the motions must be dealt with by way of recommendation. For the following reasons, the court will recommend that the

---

[1] If Plaintiff Hewett purports to represent all the plaintiffs, he is proceeding in a manner not consistent with North Carolina or federal law. While individuals have a right to represent their own interests in a court of law without the assistance of counsel, they have no right to represent the interest of any other person or legal entity. *See Estate of Kerner v. United States*, 895 F.2d 1159, 1162 n.3 (7th Cir. 1990). Plaintiff Hewett, proceeding *pro se*, thus may only represent himself. To the extent that Plaintiff seeks to assert a class action for this case, that request must be denied. *Pro se* litigants may not bring class actions on behalf of any other person or entity. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* litigant cannot be an advocate for others in a class action); *Fowler v. Lee*, 18 Fed. Appx. 164, 165 (4th Cir. 2001).

motions to dismiss be granted. The clerk will be directed to terminate the motion for default judgment.

**PROCEDURAL BACKGROUND**

On April 8, 2011, Plaintiffs Alvin L. Hewett and Ziraili M. Elbey commenced this action by filing a *pro se* complaint in this court against Defendants, alleging fraud and other federal violations in connection with the foreclosure of a Deed of Trust. The property in question was owned by Plaintiff Hewett in Winston-Salem, North Carolina. Defendants Wells Fargo and Shapiro & Ingle filed motions to dismiss the complaint (docket nos. 12, 8). Rather than responding to the motions to dismiss, Plaintiffs Hewett and Elbey filed a motion to amend the complaint to add three additional plaintiffs and three additional defendants.[2] On July 13, 2011, this court granted the motion to amend. On July 13, 2011, Wells Fargo filed a motion to dismiss the amended complaint (docket no. 18); and on July 20, 2011, S&I filed its motion to dismiss the amended complaint (docket no. 20). On August 8, 2011, Plaintiff Hewett filed a response to the motions to dismiss (docket no. 23).

---

[2] The three additional plaintiffs named in the amended complaint are Genesia Gordon, Timothy Lee Harris and Sabur El. These three individuals are not mentioned anywhere other than in the caption; there are no allegations in the complaint relating to these three individuals. The three additional defendants listed in the amended complaint are American Home Mortgage, H & R Block, and Sand Canyon Corporation fka Option One Mortgage Corporation. The motion to amend and the amended complaint are signed only by Plaintiff Hewett (docket no. 16).

2

**FACTUAL BACKGROUND**

The allegations in the amended complaint relate solely to the mortgage and foreclosure of property owned by Hewett in Forsyth County, North Carolina. Plaintiff alleges that on March 9, 2007, Hewett obtained a loan from Option One Mortgage Corporation ("Option One"), now known as Sand Canyon Corporation. (Am. Compl. ¶ 11). According to the foreclosure action in state court, the deed of trust executed by Hewett is in the name of Wells Fargo, N.A., as Trustee for Soundview Home Loan Trust 2007-OPTI, Asset Backed Certificates, Series 2007-OPTI. (*Id.* Ex. A). Wells Fargo appointed S&I as substitute trustees to initiate the foreclosure action. (Am. Compl. ¶ 14).

The state foreclosure action began on September 28, 2010, with the filing of a Notice of Hearing on Foreclosure of Deed of Trust. (*Id.* Ex. A). On January 13, 2011, the Clerk of Court for Forsyth County entered an Order Permitting Foreclosure. (*Id.* Ex. H). In this Order, the state court held that Wells Fargo was the holder of the promissory note and that Plaintiff Hewett was in default under the note and deed of trust. (*Id.*)

**ANALYSIS**

Both Defendants Wells Fargo and S&I have moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim under FED. R. CIV.

P. 12(b)(6). Because the existence of subject matter jurisdiction is a threshold issue, this court must address Defendant's 12(b)(1) motion to dismiss before addressing the merits of the case. Defendants argue that Plaintiff's complaint does not allege sufficient facts to establish the complete diversity of citizenship for this court to exercise subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Specifically, Defendants argue that complete diversity between the parties does not exist, and that the court therefore must dismiss this matter for lack of subject-matter jurisdiction. I agree.

Rule 12(b)1) of the federal rules provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. *Mansfield, C & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884). Should a defendant challenge the existence of federal subject-matter jurisdiction, the plaintiff bears the burden of showing the jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

A "court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). As the party invoking federal jurisdiction in this case, Plaintiff has the burden of establishing the existence of subject-matter jurisdiction. *Richmond,* 945

F.2d at 768. This burden, at the pleading stage, can be met by alleging sufficient facts to show that there is a proper basis for jurisdiction. FED. R. CIV. P. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends"). Nevertheless, *pro se* pleadings are treated liberally. *See Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff has not met his burden in establishing that federal subject-matter jurisdiction exists. Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added). Absent a federal question, federal courts have jurisdiction only where there is complete diversity, meaning generally that the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a) (1), 1332(c)(1); *see Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n.3 (1996). Furthermore, diversity jurisdiction requires that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . .").

In the amended complaint, Plaintiff essentially lays out the procedural background of the state foreclosure action. Plaintiff has failed, however, to allege a basis for federal subject-matter jurisdiction in his amended complaint. The amended complaint provides no statements or facts indicating the grounds for this

court to exercise subject matter jurisdiction over this lawsuit. That is, Plaintiff fails to cite to any federal statutes or other federal law in his amended complaint that would give rise to federal question jurisdiction. The only statutory reference in the amended complaint is to "Title 18 Chpt. 37 section 1018 and Title 18 Chpt. 47 section 1021" which Plaintiff suggests provide the basis for his claims. As Defendants note, these statutes are criminal statutes dealing with bribery of public officials and false statements and fraud by public officers and thus are inapplicable to this action. Neither Wells Fargo nor S&I are public officials or public officers. In the amended complaint, moreover, Plaintiff has made no allegations of bribery or false statements by public officials.[3]

Furthermore, Plaintiff fails to allege diversity as the grounds for subject-matter jurisdiction in this court, and it appears from the pleadings that there is a lack of complete diversity between the parties. *See* 28 U.S.C. § 1332 (2006). In the amended complaint, North Carolina addresses are provided for Plaintiffs Hewett, Gordon, El and Harris, suggesting that they are North Carolina residents, and Defendant S&I is a North Carolina law firm. The presence of S&I as a defendant destroys diversity. For all these reasons, on its face the amended complaint does

---

[3] Plaintiff also asserts that Defendants have defrauded the Internal Revenue Service. (Am. Compl. at 13). Nevertheless, Plaintiff has no standing to assert a claim on behalf of the IRS. Similarly, Plaintiff's assertion that Wells Fargo "engaged in conduct subject to penalty under title 12, Chapter 29 2804(c)" (the Home Mortgage Disclosure Act) does not provide jurisdictional grounds. The HMDA does not create a private right of action. 12 U.S.C. § 2804.

not allege any basis for this court to exercise subject-matter jurisdiction; and the action should be dismissed.

**MOTION FOR DEFAULT JUDGMENT**

On September 16, 2011, Plaintiff Sabur El filed a motion for entry of default judgment as to Defendant Sand Canyon Corporation, fka Option One Mortgage Corporation and H & R Block (docket no. 27). Despite the procedure that a motion for entry of default should be made in advance of a motion for a default judgment, the motion is purported to be on behalf of all Plaintiffs. Again, as already noted, a plaintiff proceeding *pro se* may only represent himself. Moreover, as discussed herein, this court does not have subject-matter jurisdiction in this matter. As such, the court does not have jurisdiction to rule on the purported motion for default judgment, and the clerk will be directed to terminate the motion.

**CONCLUSION**

For the reasons stated herein, **IT IS RECOMMENDED** that the motions to dismiss by Defendants Wells Fargo and S&I (docket nos. 18, 20) be **GRANTED** and that the action be **DISMISSED** with prejudice. **FURTHERMORE,** the clerk is **DIRECTED** to terminate the motion for entry of default judgment (docket no. 27).[4]

*(signature)*
WALLACE W. DIXON
United States Magistrate Judge

Durham, North Carolina
September 29, 2011

---

[4] It bears mention in passing that notwithstanding that the parties here are not diverse, the claims presented here would be barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is derived from the United States Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine generally prohibits lower federal courts from reviewing state court decisions; "rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (clarifying that the *Rooker-Feldman* doctrine bars a federal court from asserting jurisdiction in only the following types of cases: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The *Rooker-Feldman* bar extends not only to issues actually presented to and decided by a state court, but also to issues that are "inextricably intertwined" with questions ruled on by a state court. *Plyler*, 129 F.3d at 731. A federal claim is "inextricably intertwined" with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). *Rooker-Feldman*, therefore, applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." *Plyler*, 129 F.3d at 733; *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 201 (4th Cir. 2000).