# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALVIN L. HEWETT, ZIRAILI M. ELBEY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:11CV278 |
| SHAPIRO & INGLE, WELLS FARGO, SAND CANYON CORPORATION f/k/a OPTION ONE MORTGAGE CORPORATION and H&R BLOCK BANK, FSB, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Sand Canyon Corporation and H&R Block Bank, FSB's Motion to Dismiss (Docket Entry 28). For the reasons that follow, the instant Motion should be granted in part in that this action should be dismissed for lack of subject-matter jurisdiction or pursuant to the Rooker-Feldman doctrine.

### Procedural Background

Plaintiffs Alvin L. Hewett ("Hewett") and Ziraili M. Elbey ("Elbey"), proceeding pro se, filed a Complaint with this Court alleging claims against Defendants Shapiro & Ingle and Wells Fargo. (Docket Entry 1.) Shapiro & Ingle and Wells Fargo moved to dismiss

that Complaint on grounds of lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. (See Docket Entries 8 at 1, 12 at 1.) Specifically, with respect to subject-matter jurisdiction, Shapiro & Ingle and Wells Fargo noted the absence of both a federal question and complete diversity (because Plaintiff Hewett is a citizen of North Carolina and Shapiro & Ingle "is a limited liability partnership domiciled in North Carolina"). (Docket Entry 8 at 1.)

Rather than respond, Plaintiffs moved to amend their Complaint to add Genesia Gordon, Timothy Lee Harris, and Sabur El as Plaintiffs and American Home Mortgage, H&R Block, and Sand Canyon Corporation f.k.a. Option One Mortgage Corporation as Defendants. (See Docket Entry 16.)[1] Plaintiffs' Motion to Amend was subsequently granted by way of Text Order of United States Magistrate Judge Wallace W. Dixon. (See Docket Entry dated July 13, 2011.)

Defendants Wells Fargo and Shapiro & Ingle thereafter moved to dismiss Plaintiffs' Amended Complaint, contending that "[t]he Amended Complaint adds nothing of substance that would save the original complaint from dismissal" (Docket Entry 20 at 1-2), and asserting again that this Court lacks subject-matter jurisdiction and that the Amended Complaint fails to state a claim upon which

---

[1] None of the additional Defendants are residents of North Carolina for purposes of determining diversity jurisdiction.

relief can be granted.  (See Docket Entries 18 at 1, 20 at 1.)  In terms of relief, Wells Fargo sought that the Court enter "an Order <u>dismissing Plaintiffs' Amended Complaint</u> . . . ."  (Docket Entry 18 at 1 (emphasis added).)  Shapiro & Ingle requested "an order dismissing any and all claims against them and awarding other and further relief that is reasonable and just."  (Docket Entry 20 at 2.)

Magistrate Judge Dixon issued a Recommendation agreeing with Plaintiffs Shapiro & Ingle and Wells Fargo that "Plaintiff has not met his burden in establishing that federal subject-matter jurisdiction exists."  (Docket Entry 32 at 5.)  Specifically, Magistrate Judge Dixon noted that "Plaintiff fails to cite any federal statutes or other federal law in his [A]mended [C]omplaint that would give rise to federal question jurisdiction" and, "[f]urthermore, Plaintiff fails to allege diversity as the grounds for subject-matter jurisdiction in this [C]ourt, and it appears from the pleadings that there is a lack of complete diversity between the parties."  (<u>Id.</u> at 6.)  In a footnote, Magistrate Judge Dixon also stated:

> It bears mention in passing that notwithstanding that the parties here are not diverse, the claims presented here would be barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is derived from the United States Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine generally prohibits lower federal courts from reviewing state court decisions; "rather, jurisdiction to review such decisions

> lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (clarifying that the *Rooker-Feldman* doctrine bars a federal court from asserting jurisdiction in only the following types of cases: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The *Rooker-Feldman* bar extends not only to issues actually presented to and decided by a state court, but also to issues that are "inextricably intertwined" with questions ruled on by a state court. *Plyler*, 129 F.3d at 731. A federal claim is "inextricably intertwined" with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). *Rooker-Feldman*, therefore, applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." *Plyler*, 129 F.3d at 733; *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 201 (4th Cir. 2000).

(Docket Entry 32 at 8 n.4.) Magistrate Judge Dixon ultimately recommended "that the motions to dismiss by Defendants Wells Fargo and [Shapiro & Ingle (Docket Entries 18, 20)] be **GRANTED** and that <u>the action</u> be **DISMISSED** with prejudice." (Id. at 8 (capitalization and bolding in original) (underlining added).)

Plaintiff Hewett timely objected to Magistrate Judge Dixon's Recommendation, citing specific sections of the United States Code which he contended provided a basis for this Court's jurisdiction. (See Docket Entry 34 at 1.) Chief United States District Judge James A. Beaty, Jr. took Plaintiff's objections under consideration

-4-

and made a de novo determination in accord with Magistrate Judge Dixon's Recommendation. (See Docket Entry 40 at 2.) Specifically, Chief Judge Beaty stated that "[t]he [C]ourt therefore adopts the Magistrate Judge's recommendation. . . . **IT IS THEREFORE ORDERED** that the motions to dismiss filed by Defendants Shapiro & Ingle and Wells Fargo [Docket Nos. 18 and 20] are **GRANTED**." (Id. (capitalization, bolding, and brackets in original).)

Defendants Sand Canyon and H&R Block also filed a motion to dismiss moving "the Court to dismiss with prejudice Plaintiffs' Amended Complaint pursuant to Rules 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure." (Docket Entry 28.) However, because Plaintiffs had not properly served these Defendants (see Docket Entry 25; Docket Entry 29 at 3), said Motion was not filed until immediately prior to Magistrate Judge Dixon's issuance of the above-referenced Recommendation (compare Docket Entry 28 (dated Sept. 27, 2011) with Docket Entry 32 (dated Sept. 29, 2011)). Accordingly, Magistrate Judge Dixon did not specifically address this Motion in his Recommendation. (See Docket Entry 32.)

Only Plaintiff Hewett responded to Sand Canyon and H&R Block's Motion to Dismiss. (Docket Entry 35.) Moreover, although the Motion to Dismiss argued that the Court does not have either federal question or diversity jurisdiction (see Docket Entry 29 at 4-5), that Plaintiffs' claims are barred by the Rooker-Feldman

-5-

doctrine (see id. at 5-6), and that Plaintiffs otherwise fail to state a claim upon which relief may be granted (see id. at 6-10), Plaintiff Hewett's Response appears only to contend that Defendants were dilatory in answering the Amended Complaint (see Docket Entry 35 at 1). That same argument had been previously made by Plaintiff Hewett by way of a Motion for Entry of Default (Docket Entry 24) and was rejected by this Court upon a finding that "there is no entry on the docket showing [] proof of service [of the Amended Complaint] nor was there any evidence of service filed with the motion . . ." (Docket Entry 25 at 1-2).[2]

Sand Canyon and H&R Block's Motion to Dismiss has now been referred to the undersigned United States Magistrate Judge for a recommendation. (See Docket Entries dated Apr. 14, 2011 and Mar. 5, 2012 (designating case as subject to handling pursuant to this Court's Amended Standing Order No. 30 and referring case to undersigned, respectively).)[3]

---

[2] Moreover, a challenge to "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010). "The Rooker-Feldman doctrine . . . too is a jurisdictional doctrine that may be raised by the court sua sponte . . . . [Indeed,] [b]ecause the Rooker-Feldman doctrine is jurisdictional, [courts] are obliged to address it . . . ." Friedman's, Inc. v. Dunlap, 290 F.3d 191, 195-96 (4th Cir. 2002).

[3] Under said Standing Order, "[t]he magistrate judge to whom the case is assigned will rule or make recommendations upon all motions, both non-dispositive and dispositive." M.D.N.C. Amended Standing Order No. 30, ¶ 2; see also M.D.N.C. R. 72.2 ("Duties and cases may be assigned or referred to a Magistrate Judge . . . by the clerk in compliance with standing orders . . . .").

Discussion

Initially, for the reasons detailed in <u>Kinetic Concepts, Inc. v. ConvaTec, Inc.</u>, No. 1:08CV918, 2010 WL 1667285, at *6-8 & nn.12, 13 (M.D.N.C. Apr. 23, 2010) (unpublished), Plaintiff Hewett's failure to respond to the arguments in Defendants' Motion to Dismiss regarding the lack of subject-matter jurisdiction and the Rooker-Feldman doctrine constitutes a concession that generally warrants granting Defendants' requested relief under this Court's Local Rule 7.3(k). The remaining Plaintiffs' failure to formulate a response in any fashion likewise supports that same finding. After due consideration, the undersigned finds no reason to depart from that general rule in this case.

Moreover, the instant action should be dismissed in accord both with this Court's previous Order and application of the *Rooker-Feldman* doctrine. The undersigned reads this Court's previous Order as dismissing Plaintiffs' action in its entirety for lack of subject-matter jurisdiction, including as to the claims at issue in the instant Motion. (<u>See</u> Docket Entry 40.) As noted, Wells Fargo's prayer for relief in their Motion to Dismiss asked that the Court enter "an Order <u>dismissing Plaintiffs' Amended Complaint</u> . . . ." (Docket Entry 18 at 1 (emphasis added).) Furthermore, Judge Dixon's Recommendation recommended that "the motions to dismiss by Defendants Wells Fargo and [Shapiro & Ingle (Docket Entries 18, 20)] be **GRANTED** and that <u>the action</u> be

**DISMISSED** . . . ." (Docket Entry 32 at 8 (capitalization and bolding in original) (underlining added).)

Accordingly, Chief Judge Beaty's Order, specifically the adoption of Magistrate Judge Dixon's Recommendation and his granting of Wells Fargo's Motion to Dismiss (see Docket Entry 40), is most clearly read as disposing of the entirety of Plaintiffs' action. The undersigned recognizes that the Federal Rules of Civil Procedure provide that "the court may at any time, on just terms, add or drop a party," Fed. R. Civ. P. 21, and that "[c]ourts have employed Rule 21 to preserve diversity of jurisdiction by dropping a nondiverse party not indispensable to the action," Bennick v. Boeing Co., 427 Fed. Appx. 709, 712 (11th Cir. 2011) (internal quotation marks and citation omitted). However, the prior Order did not dismiss only Shapiro & Ingle (the party whose presence destroyed diversity).

Regardless, the undersigned agrees with Magistrate Judge Dixon's conclusion that "the claims presented here [are] barred by the *Rooker-Feldman* doctrine." (Docket Entry 32 at 8 n.4.) Plaintiffs' Amended Complaint is based entirely on actions related to the foreclosure on Plaintiff Hewett's home, which proceeded in North Carolina state court. (See Docket Entry 16-1, ¶¶ 11-34; see also Docket Entry 16-2 at 13-35 (attaching copy of "forensic mortgage analysis" prepared by Forensic Professionals Group USA, Inc., concluding that "[i]t is the opinion of the expert in this

-8-

case that this mortgage foreclosure was wrongful, questionable and based on the evidence as the result of our investigations, we believe the borrower . . . has the basis upon which to win a verdict in their favor").)[4] Plaintiffs also make clear that the Order permitting foreclosure was "granted by Assistant Clerk of Superior Court Forsyth County, North Carolina . . . ." (Docket Entry 16-1 ¶ 29; see also Docket Entry 16-2 at 12.) Accordingly,

---

[4] Another court presented with a similar "forensic mortgage analysis" noted the following:

> The . . . document is a "Certified Forensic Loan Audit" prepared by someone named D. Alex-Saunders. Mr./Ms. Alex-Saunders, for whom no contact information is provided, claims, variously, to be a "Senior Auditor: Home and Asset Ombudsman Program, International Environmental Association, 501(c)3," "Senior ombudsman," "Certified forensic auditor by National Association of Mortgage Underwriters," "Associate of Global Association of Risk Professionals," and the author of "Stop! Illegal Predatory Lending." The Court is unfamiliar with these organizations (if they exist), but it is quite confident that there is no such thing as a "Certified Forensic Loan Audit" or a "certified forensic auditor." In any event, the documents make no more sense than anything else in the Debtor's papers and confirm the empty gimmickery of these types of claims.

In re Norwood, No. 10-84443-PWB, 2010 WL 4642447, at *2 (Bankr. N.D. Ga. Oct. 25, 2010). That court also observed:

> The Federal Trade Commission has issued a "Consumer Alert" regarding "Forensic Mortgage Loan Audit Scams." See http://www.ftc.gov/bcp/edu/pubs/consumer/alerts/alt177.shtm. Likewise, the State of California, Department of Real Estate has issued a Consumer Alert entitled "Fraud Warning Regarding Forensic Loan Audits" (February 2010). See http://www.dre.ca.gov/cons alerts.html.

Id. at *2 n.2.

"in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render that judgment ineffectual." Jordahl, 122 F.3d at 202. Therefore, this Court's disposition of those claims would be inappropriate under the Rooker-Feldman doctrine.

**IT IS THEREFORE RECOMMENDED** that Sand Canyon Corporation and H&R Block Bank, FSB's Motion to Dismiss (Docket Entry 28) be granted in part in that this action should be dismissed for lack of subject-matter jurisdiction or pursuant to the Rooker-Feldman doctrine.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: April 12, 2012